David E. Hallett, Esq. (SBN 221828)
dhallett@buhalaw.com
Eric L. Springe, Esq. (SBN 326044)
espringe@buhalaw.com
BUSCEMI HALLETT LLP
555 West Beech Street, Suite 450
San Diego, California 92101
Tel:  (619) 231-5900
Fax:  (619) 231-5905

Attorneys for Plaintiff MICHAEL J. FORBUSH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. FORBUSH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NTI-CA INC., a Nevada Corporation, dba NTI GROUND TRANS; JOHN E. KINDT, an individual; and DOES 1 through 10 inclusive,<br><br>Defendant. | Case No.: '22CV141  H    RBB<br><br>**COMPLAINT FOR:**<br><br>1. **FAILURE TO PROVIDE NOTIFICATION OF COBRA RIGHTS [29 USC § 1166]**<br>2. **FAILURE TO PROVIDE NOTIFICATION OF CAL-COBRA RIGHTS [CA INS. CODE § 10128.55]**<br>3. **BREACH OF ORAL CONTRACT**<br>4. **NEGLIGENCE**<br>5. **NEGLIGENT MISREPRESENTATION**<br>6. **INTENTIONAL MISREPRESENTATION**<br>7. **DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

1

# INTRODUCTION

1. Plaintiff MICHAEL J. FORBUSH (hereinafter, "Plaintiff" or "Forbush") brings this action against his former employer, NTI-CA INC., a Nevada Corporation, dba NTI GROUND TRANS (hereinafter "NTI"), for failure to comply with the requirements of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* and against the Executive Vice-President of NTI, Defendant JOHN E. KINDT (hereinafter "Kindt") for misrepresentations that NTI would continue to provide Plaintiff with health insurance benefits under NTI's group health plan after he was furloughed and/or terminated from his employment. Forbush suffered a heart attack and his health insurance claimed his coverage was invalid because of his employment status leaving him with several hundred thousand dollars of uncovered medical bills.

2. Plaintiff seeks civil penalties, damages and/or other equitable, remedial and legal relief to redress Defendants' breaches of their duties and obligations under ERISA and specifically the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

3. The jurisdiction of this Court over the subject matter of this action is invoked pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. The jurisdiction of this Court is also predicated on supplemental jurisdiction pursuant to 28 USC § 1367 because all causes of action arise out of a common nucleus of operative facts.

4. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this lawsuit occurred within the County of San Diego, California.

5. All allegations of this Complaint are made upon information and belief, without prejudice to amendment, supplementation, contradiction, withdrawal or deletion of any allegations, or Plaintiff's right to prove the true facts at trial after same have been ascertained.

6. Plaintiff avails of the doctrine of alternative pleading and, because investigation is not complete, and discovery and investigation are ongoing, pleads each allegation, cause of action, claim and remedy in this Complaint without prejudice to any contradictory current, subsequent or previous allegation, claim or remedy after the true and correct facts have been discovered, pled and proven and/or Plaintiff has expressly elected among available alternate remedies. Further, Plaintiff's pleading or omission of any alternate theory, cause of action or remedy shall not constitute an election of one or more theories, claims or remedies over, in place of or to the exclusion of any other.

7. All conditions precedent to the filing of this action have occurred, have been performed, or have been waived.

**PARTIES**

8. Plaintiff MICHAEL J. FORBUSH was at all times mentioned herein is an individual residing in the County of San Diego, California.

9. Plaintiff is informed and believes that Defendant NTI-CA INC. dba NTI GROUNDS TRANS, is a Nevada corporation with its principal place of business in Las Vegas, Nevada and is registered and authorized to do business in the state of California.

10. Plaintiff is informed and believes that Defendant JOHN E. KINDT, is an individual residing in the state of California, County of Los Angeles, and was at all times mentioned herein the Executive Vice-President and Chief Operating Officer of NTI-CA INC.

11. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants named and sued as DOES 1 through 10, inclusive, are unknown to Plaintiff. Plaintiff is informed, believes, and on that basis alleges, that each of these fictitiously named defendants is in some way liable to Plaintiff on the causes of action stated below. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff will seek leave to amend this Complaint when the true names of these fictitiously named defendants can be ascertained.

///

12. Plaintiff is informed, believes, and on that basis alleges, that at all times herein mentioned, and each of the defendants sued herein, were the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

## FACTUAL BACKGROUND

13. NTI is a national transportation company that provides airport shuttle and luxury sedan and SUV transportation services in San Diego, CA, Los Angeles, CA, Las Vegas, NV, and New York City, NY.

14. Plaintiff began his employment at NTI as a manager for the San Diego office in January 2020.

15. Plaintiff was a full-time employee of NTI and participated in NTI's group health plan from the time he was eligible until he was furloughed and/or terminated from his employment.

16. On January 29, 2021, Defendant Kindt informed Plaintiff that he was being furloughed from his employment at NTI. Plaintiff was not terminated for gross misconduct and his ultimate termination from employment as discussed herein, as Plaintiff understands it, was due to a work force reduction.

17. At the time of Forbush's furlough and/or termination, Defendant Kindt promised that NTI would continue to provide Forbush with health insurance coverage under NTI's group health plan.

18. Plaintiff's furlough and/or termination on January 29, 2021, was a "qualifying event" under the NTI's group health plan.

19. On March 28, 2021, NTI provided Plaintiff with an enrollment form for NTI's group health plan effective April 1, 2021. Plaintiff completed the enrollment form and submitted it to NTI the following day.

20. On March 30, 2021, Defendant Kindt emailed Plaintiff and asked him to obtain alternative health insurance. Plaintiff became concerned that NTI was ending his coverage under NTI's plan at that time and contacted James Gleich to clarify his

coverage status. Later that same day, Defendant Kindt sent an email to Forbush stating that he "was not going to push [Forbush] off until and unless [he found] something." Based on that statement, Plaintiff reasonably believed that NTI would continue to provide Plaintiff with health insurance under NTI's group health plan until he obtained alternative health insurance.

21. On June 8, 2021, Plaintiff suffered a heart attack which required emergency heart surgery.

22. On July 30, 2021, Mr. Forbush received a notice from NTI's HR manager stating that his medical benefits were to be terminated effective August 1, 2021, due to a COBRA qualifying event ("termination") and provided information regarding his COBRA rights. Plaintiff never receive notice of his COBRA rights prior to the notice received on July 30, 2021.

23. Plaintiff received an Explanation of Benefits dated October 22, 2021, from Employer Driven Insurance Services ("EDIS"), the claim administrator for NTI's health plan, stating that coverage for his medical services related to his heart surgery were being denied on the ground that Plaintiff was not an eligible member of the plan at the time of treatment. The total amount billed was $511,223.56.

24. On November 29, 2021, Plaintiff's counsel sent a letter to EDIS appealing the claim denials on the ground that Plaintiff was an eligible member of the plan at the time of his surgery and provided the COBRA notice from NTI showing that Plaintiff's coverage under the plan did not end until July 31, 2021.

25. By letter dated December 1, 2021, EDIS affirmed its claim denials based on information from NTI stating Plaintiff's termination date and "last date actively at work" was January 29, 2021, and the health plan's terms that only active employees with 30 hours or more of service per week are eligible for coverage under NTI's group health plan.

26. As a result of Defendants failure to provide Plaintiff with timely notification of his rights under COBRA and Defendants misrepresentation of Plaintiff's continued

coverage under NTI's health plan following his furlough and/or termination from employment, Plaintiff did not have valid and effective health insurance coverage for post-surgery medical services. Plaintiff has forgone certain post-surgery medical treatment and services which has caused Plaintiff physical and emotional injuries and pain and suffering.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE NOTIFICATION OF COBRA RIGHTS**

**[Violation of 29 USC § 1166]**

**(Against NTI-CA INC. and DOES 1-5)**

27. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

28. Defendants are subject to ERISA and specifically COBRA (29 U.S.C. §§ 1161 - 1169).

29. Plaintiff was a participating member of NTI's group health plan and a "qualified beneficiary" under 29 USC § 1167 at the time of he was furloughed and/or terminated.

30. Plaintiff's furlough and/or termination from employment at NTI on January 29, 2021, was a "qualifying event" under the terms of the plan and 29 U.S.C.A. § 1163(2).

31. Defendants were the Plan Sponsor and/or Plan Administrator for NTI's group health plan in effect at the time of Plaintiff's furlough and/or termination.

32. Defendants had an obligation under 29 U.S. Code § 1166 to provide Plaintiff with notice of his rights under COBRA within 44 days of the Plaintiff's furlough and/or termination. See 29 C.F.R. § 2590.606-4(b)(2).

33. Defendants failed to provide Plaintiff with notice of his rights to elect continued coverage under COBRA prior to the statutory deadline.

///

///

34. As a result of Defendants failure to provide Plaintiff with notice of his COBRA rights, Plaintiff was unable to elect COBRA coverage and continue his health coverage under his employer's group health plan.

35. Plaintiff was denied coverage for medical services and costs that would have been covered under his previous employer's group health plan had Plaintiff been provided notice of his COBRA rights and elected continuation of coverage.

36. Plaintiff has incurred over $500,000 in uncovered medical bills because of Defendants' failure to provide Plaintiff with notice of his COBRA rights.

37. To the extent that there may be any requirement of exhausting administrative remedies under the applicable Plan, those administrative procedures have been exhausted, would be futile, or are not required under the terms of the plan.

38. ERISA gives an aggrieved COBRA beneficiary a cause of action if the plan administrator fails to provide the required notice after a qualifying event. 29 U.S.C. § 1132(c)(1)(A). ERISA provides federal courts with discretion to penalize a plan administrator that fails to provide a plan participant with the required notice of rights with COBRA following a qualified event. 29 U.S.C § 1132(c) grants the Court discretion to hold the administrator liable to the participant or beneficiary in the amount of $100.00 per day and grant such other relief as the Court deems proper.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE NOTIFICATION OF CAL-COBRA RIGHTS
### (Against NTI-CA INC. and DOES 1-5)

39. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

40. Defendants are subject to the provisions of California Insurance Code § 10128.50, *et seq.* and California Health & Safety Code, § 1366.20 *et seq.* known as Cal-COBRA.

///
///

41. Plaintiff was a participating member of NTI's group health plan and a "qualified beneficiary" under Cal. Ins. Code § 10128.51 at the time he was furloughed and/or terminated.

42. Plaintiff's furlough and/or termination of employment at NTI on January 29, 2021, was a "qualifying event" under the terms of the plan and Cal. Ins. Code § 10128.51.

43. Defendants were the Plan Sponsor and/or Plan Administrator for the group health plan in effect at the time of Plaintiff's furlough and/or termination.

44. Defendants had an obligation under Cal. Ins. Code § 10128.55 to provide Plaintiff with notice of his rights under CAL-COBRA within 44 days of the Plaintiff's furlough and/or termination.

45. Defendants failed to provide Plaintiff of his rights to elect continued coverage under CAL-COBRA prior to the statutory deadline.

46. As a result of Defendants failure to provide Plaintiff with notice of his COBRA rights, Plaintiff was unable to elect CAL-COBRA coverage and continue his health coverage under NTI's group health plan.

47. Plaintiff was denied coverage for medical services and costs that would have been covered under NTI's group health plan had Plaintiff been provided notice of his CAL-COBRA rights and elected continuation of coverage.

48. Plaintiff has incurred over $500,000 in uncovered medical bills as a result of Defendants failure to provide Plaintiff with notice of his CAL-COBRA rights.

49. To the extent that there may be any requirement of exhausting administrative remedies under the applicable plan, those administrative procedures have been exhausted, would be futile, or are not required under the terms of the plan.

/ / /

/ / /

/ / /

/ / /

# THIRD CAUSE OF ACTION

## BREACH OF ORAL CONTRACT

### (All Defendants)

50. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

51. Plaintiff and Defendants entered an oral contract whereby Defendants agreed to continue providing Plaintiff with health insurance coverage under NTI's group health plan after Plaintiff was furloughed and/or terminated from his employment and until he found alternative health insurance. In exchange, Plaintiff agreed to his severance pay and benefits.

52. Plaintiff performed or substantially performed all of Plaintiff's obligations under the contract.

53. Defendants materially breached the terms of the oral contract by failing to continue Plaintiff's health insurance coverage under NTI's group health plan as promised to Plaintiff.

54. To the extent any contractual obligations, duties, or conditions are imposed on Plaintiff, those obligations, duties, and conditions have been waived and/or have been excused due to Defendants' material breach.

55. To the extent Plaintiff failed to comply with any conditions of the contract, Defendants are estopped from asserting such conditions due to their conduct and material breaches.

56. Plaintiff incurred medical bills that are not covered under NTI's group health plan or any other health insurance plan.

57. Defendants' breach of their oral agreement with Plaintiff and failure to continue providing Plaintiff with continued health insurance coverage under NTI's group health plan was a substantial factor in causing Plaintiff's harm.

///

///

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

### (All Defendants)

58. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

59. Defendants owed a duty to Plaintiff to use reasonable care in discharging their obligations as Plaintiff's employer, including but not limited to providing Plaintiff with timely and proper notice of his statutory rights to continued health insurance coverage under COBRA and/or CAL-COBRA upon his furlough and/or termination.

60. Defendants breached their duty to Plaintiff by failing to provide Plaintiff with timely and proper notice of his statutory right to continued health insurance coverage under COBRA and/or CAL-COBRA upon his furlough and/or termination.

61. Plaintiff incurred medical bills not covered under any health insurance plan, but which would have been covered under a COBRA and/or CAL-COBRA health plan had Defendants provided Plaintiff with timely and proper notice of his statutory right to continued health insurance coverage under COBRA and/or CAL-COBRA.

62. Defendants' breach of their duty to Plaintiff was a substantial factor is causing Plaintiff's harm and resulting in Plaintiff incurring uncovered medical bills.

## FIFTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

### (All Defendants)

63. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

64. At the time Plaintiff was furloughed and/or terminated from his employment, Defendants, and specifically Defendant Kindt, represented to Plaintiff that he would continue to be covered under NTI's group health plan after his furlough and/or termination.

///

65. On March 30, 2021, Defendant Kindt represented to Plaintiff that Plaintiff would continue to be covered under NTI's group health plan until he found an alternative health insurance plan.

66. Defendants' representations that Plaintiff would continue to be covered under NTI's group health plan after his furlough and/or termination and until he obtained alternative health insurance were false.

67. Although Defendants may have honestly believed that their representations were true, Defendants had no reasonable grounds for believing the representations were true when they were made.

68. Defendants intended for Plaintiff to rely on their representations to induce Plaintiff to accept the terms of his severance agreement.

69. Plaintiff reasonably relied on Defendants' representations that he would continue to be covered under NTI's group health plan after his furlough and/or termination of employment.

70. Plaintiff has incurred uncovered medicals bills because Plaintiff was not covered by NTI's group health plan at the time of his treatment. Plaintiff has also endured emotional distress stemming from Defendants' misrepresentations and the financial liability Plaintiff faces in the absence of any health insurance coverage for his emergency surgery.

71. Plaintiff's reliance on the Defendants' representations were a substantial factor in Plaintiff incurring medical bills not covered by any health insurance plan.

## SIXTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION
(All Defendants)

72. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

///

///

73. At the time Plaintiff was informed of his furlough and/or termination from employment at NTI, Defendants represented to Plaintiff that he would continue to be covered under NTI's group health plan after Plaintiff's furlough and/or termination.

74. On March 30, 2021, Defendant Kindt represented to Plaintiff that Plaintiff would continue to be covered under NTI's group health plan until Plaintiff found an alternative health insurance plan.

75. Defendants' representations that Plaintiff would continue to be provided health insurance coverage under NTI's group health plan after he was furloughed and/or terminated and until he obtained alternative health insurance were false.

76. Defendants knew that their representation was false at the time they were made to Plaintiff, or Defendants made the representations recklessly and without regard for their truth.

77. Defendants intended for Plaintiff to rely on their representations to induce Plaintiff to accept the terms of his severance agreement.

78. Plaintiff reasonably relied on Defendants' representation that he would continue to be covered under NTI's group health plan after he was furloughed and/or terminated and until he obtained alternative health insurance.

79. Plaintiff has incurred uncovered medicals bills because Plaintiff was not covered by NTI's group health plan at the time of his treatment. Plaintiff has also endured emotional distress stemming from the financial liability Plaintiff faces in the absence of any health insurance coverage for his emergency surgery.

80. Plaintiff's reliance on the Defendants' representation was a substantial factor in Plaintiff incurring medical bills not covered by any health insurance plan.

81. The aforementioned acts were done maliciously, fraudulently and oppressively within the meaning of California Civil Code section 3294, as alleged herein. Said acts were authorized, ratified and performed by officers and managing agents of Defendants, including but not limited to Defendant Kindt.

///

**SEVENTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

(Defendant NTI and DOES 1-5)

82. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

83. An actual controversy involving justiciable questions relating to Plaintiff and Defendants' rights or obligations under COBRA and/or CAL-COBRA. Plaintiff contends Defendants were subject to COBRA and/or CAL-COBRA, failed to provide Plaintiff with timely notice of his statutory rights, and therefore is liable for daily statutory penalties for each day Defendants failed to provide notice and for amounts that would have been covered had Plaintiff elected continued coverage under his employer's group health plan. Plaintiff believes and thereon alleges that Defendants deny Plaintiff's contentions.

84. Plaintiff requests a judicial declaration that Defendants are liable for daily statutory penalties for each day Defendants failed to provide Plaintiff with notice of his statutory rights and for amounts that would have been covered had Plaintiff elected continued coverage under his employer's group health plan.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MICHAEL J. FORBUSH prays for a judgment against Defendants as follows:

**FOR THE FIRST CAUSE OF ACTION**

1. For an order from the Court awarding Plaintiff the amounts that would have been covered under the health plan had Defendant notified Plaintiff of his COBRA rights and elected continued coverage;
2. For the statutory penalty of $100.00 per day for each day Defendants failed to provide notice of COBRA rights;
3. For reasonable attorney fees pursuant to 29 U.S.C. § 1132(g)(1);
4. For the costs of suit herein; and

5. For such other and further relief as the court deems just, equitable, and proper.

## FOR THE SECOND CAUSE OF ACTION

1. For an order from the Court awarding Plaintiff the amounts that would have been covered under the health plan had Defendant notified Plaintiff of his COBRA rights and elected continued coverage.
2. For the statutory penalty of $100.00 per day for each day Defendants failed to provide notice of COBRA rights;
3. For reasonable attorney fees;
4. For the costs of suit herein; and
5. For such other and further relief as the court deems just, equitable, and proper.

## FOR THE THIRD CAUSE OF ACTION

1. For compensatory damages in the amount of according to proof at trial;
2. For special, incidental and consequential damages according to proof at trial;
3. For prejudgment interest at the legal rate;
4. For the costs of suit herein; and
5. For such other and further relief as the court deems just, equitable, and proper.

## FOR THE FOURTH CAUSE OF ACTION

1. For compensatory damages in the amount of according to proof at trial;
2. For prejudgment interest at the legal rate;
3. For the costs of suit herein; and
4. For such other and further relief as the court deems just, equitable, and proper.

## FOR THE FIFTH CAUSE OF ACTION

1. For compensatory damages in the amount of according to proof at trial;
2. For prejudgment interest at the legal rate;
3. For the costs of suit herein; and
4. For such other and further relief as the court deems just, equitable, and proper.

## FOR THE SIXTH CAUSE OF ACTION

1. For compensatory damages in the amount of according to proof at trial;

2. For punitive and exemplary damages;

3. For prejudgment interest at the legal rate;

4. For the costs of suit herein; and

5. For such other and further relief as the court deems just, equitable, and proper.

### SEVENTH CAUSE OF ACTION

1. Plaintiff requests a judicial declaration that Defendants are liable for daily statutory penalties for each day Defendants failed to provide Plaintiff with notice of his statutory rights and for amounts that would have been covered had Plaintiff elected continued coverage under his employer's group health plan.

2. For such other and further relief as the court deems just, equitable, and proper.

Dated:      February 1, 2022                    BUSCEMI HALLETT LLP

                                                /s/ David E. Hallett
                                                _____
                                                David E. Hallett
                                                Eric L. Springe
                                                Attorneys for Plaintiff
                                                MICHAEL J. FORBUSH

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all causes of action and all issues so triable.

Dated:       February 1, 2022                    BUSCEMI HALLETT LLP

/s/ David E. Hallett
_____

David E. Hallett
Eric L. Springe
Attorneys for Plaintiff
MICHAEL J. FORBUSH