UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. FORBUSH, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>NTI-CA INC., a Nevada corporation, dba NTI GROUND TRANS; JOHN E. KINDT, an individual; and DOES 1 through 10 inclusive<br><br>         Defendants. | Case No.: 22-cv-00141-H-RBB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>[Doc. No. 11.] |

  On February 1, 2022, Plaintiff Michael J. Forbush filed a complaint against Defendants NTI-CA Inc. doing business as NTI Ground Trans ("NTI") and John E. Kindt. (Doc. No. 1, Compl.)  On April 27, 2022 and July 15, 2022, the Clerk entered default against the two Defendants. (Doc. Nos. 7, 10.)  On December 8, 2022, Plaintiff filed a motion for default judgment against Defendants. (Doc. No. 11.)  To date, the Court has not received an opposition to Plaintiff's motion for default judgment, and Defendants have not otherwise made an appearance.

  A hearing on Plaintiff's motion is scheduled for Monday, May 22, 2023 at 10:30 a.m.  The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the

papers, and vacates the hearing. For the reasons below, the Court denies Plaintiff's motion for default judgment.

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. Defendant NTI is a national transportation company that provides airport shuttle and luxury sedan and SUV transportation services in San Diego, California, Los Angeles, California, Las Vegas, Nevada, and New York City, New York. (Doc. No. 1, Compl. ¶ 13.) Defendant Kindt is the Executive Vice-President and Chief Operating Officer of NTI. (Id. ¶ 10.)

In January 2020, Plaintiff began working as a full-time employee of NTI as a manager for NTI's San Diego office. (Id. ¶¶ 14, 15.) On January 29, 2021, Kindt informed Plaintiff that he was being furlough from his employment at NTI due to a reduction in work force. (Id. ¶ 16.) At the time of Plaintiff's furlough and/or termination, Kindt promised that NTI would continue to provide Plaintiff with health insurance coverage under NTI's group health plan. (Id. ¶ 17.)

Plaintiff's furlough and/or termination on January 29, 2021, was a "qualifying event" under NTI's group health plan. (Id. ¶¶ 18, 30.) In light of that, NTI had an obligation under 29 U.S.C. § 1166 to provide Plaintiff with notice of his rights under COBRA within 44 days of his furlough and/or termination. (Id. ¶ 32.)

On March 28, 2021, NTI provided Plaintiff with an enrollment form for NTI's group health plan effective April 1, 2021. (Id. ¶ 19.) Plaintiff completed the enrollment form and submitted it to NTI the next day. (Id.)

On March 30, 2021, Kindt emailed Plaintiff and asked him to obtain alternative health insurance. (Id. ¶ 20.) Plaintiff then became concerned that NTI was ending his coverage under NTI's group health plan, so Plaintiff contacted James Gleich, NTI's CEO, to clarify his coverage status. (Id.) Later that same day, Kindt sent an email to Plaintiff "stating that he 'was not going to push [Forbush] off until and unless [he found] something.'" (Id.) Based on that statement, Plaintiff reasonably believed that NTI would

continue to provide him with health insurance under NTI's group health plan.  (Id.)

On June 8, 2021, Plaintiff suffered a heart attack which required emergency heart surgery.  (Id. ¶ 21.)  Plaintiff was billed $511,223.56 for the medical services he received related to his heart surgery.  (Id. ¶ 23; see Doc. No. 11-3, Hallet Decl. Ex. A.)

On July 30, 2021, Plaintiff received a notice from NTI's human resources manager stating that his medical benefits were to be terminated effective August 1, 2021, due to a COBRA qualifying event ("termination") and provided information regarding his COBRA rights.  (Doc. No. 1, Compl. ¶ 22; see Doc. No. 11-6, Hallet Decl. Ex. D.)  Plaintiff never received notice of his COBRA rights prior to the July 30, 2021 notice.  (Doc. No. 1, Compl. ¶ 22.)

Plaintiff received an Explanation of Benefits letter dated October 22, 2021 from Employer Driven Insurance Services ("EDIS") – the claim administrator for NTI's health plan.  (Id. ¶ 23; Doc. No. 11-3, Hallet Decl. Ex. A.)  The letter stated that coverage for the medical services related to Plaintiff's emergency heart surgery was being denied on the grounds that Plaintiff was not an eligible member of the plan at the time of service.  (Id.)  Plaintiff appealed EDIS's denial of the claims.  (Doc. No. 1, Compl. ¶ 24; Doc. No. 11-6, Hallet Decl. Ex. D.)  In a letter dated December 1, 2021, EDIS affirmed its denial of the claims based on information from NTI stating that Plaintiff's termination date and "last date actively at work" was January 29, 2021.  (Doc. No. 1, Compl. ¶ 25; Doc. No. 11-6, Hallet Decl. Ex. E.)

On February 1, 2022, Plaintiff filed a complaint against Defendants NTI and Kindt, alleging claims for: (1) failure to provide notification of COBRA rights in violation of 29 U.S.C. § 1166; (2) failure to provide notification of Cal-COBRA rights in violation of California Insurance Code § 10128.55; (3) breach of contract; (4) negligence; (5) negligent misrepresentation; (6) intentional misrepresentation; and (7) declaratory relief.  (Doc. No. 1, Compl. ¶¶ 27-84.)  On February 18, 2022, Plaintiff filed a proof of service as to NTI.  (Doc. No. 3.)  On March 3, 2023, Plaintiff filed a proof of service as to Kindt.  (Doc. No. 4.)

On April 26, 2022, Plaintiff filed a notification of bankruptcy proceedings as to NTI. (Doc. No. 6.)  On April 27, 2022, the Clerk of Court entered default against Defendant Kindt. (Doc. No. 7.)  On July 14, 2022, Plaintiff filed a notice stating that NTI's Chapter 11 bankruptcy proceedings had been dismissed. (Doc. No. 8.)  On July 15, 2022, the Clerk of Court entered a default against Defendant NTI. (Doc. No. 10.)

By the present motion, Plaintiff moves pursuant to Federal Rule of Civil Procedure 55(b) for a default judgment against Defendants NTI and Kindt. (Doc. No. 11.) Specifically, Plaintiff requests that the Court enter a default judgment in his favor and against Defendants NTI and Kindt on all of Plaintiff's causes of action in the complaint and that the Court award Plaintiff $720,179.14 total for compensatory damages, statutory damages, punitive damages, costs, attorney's fees, and pre-judgment interest in addition to any post-judgment interest that the Court deems proper. (Doc. No. 11-1 at 1, 21.)

### Discussion

Before evaluating the merits of a motion for default judgment, the Court must consider the adequacy of service of process on the parties against whom the default is requested. Indian Hills Holdings, LLC v. Frye, 572 F. Supp. 3d 872, 884 (S.D. Cal. 2021); DFSB Kollective Co. v. Bourne, 897 F. Supp. 2d 871, 877 (N.D. Cal. 2012); see also Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside.").  This is because "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process.").

The Ninth Circuit has explained that "'Rule 4 is a flexible rule that should be

liberally construed so long as a party receives sufficient notice of the complaint.'" Direct Mail, 840 F.2d at 688.  "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'"  Id.; see Hensley v. Interstate Meat Distribution, Inc., No. 3:19-CV-0533-YY, 2020 WL 1677658, at *2 (D. Or. Jan. 10, 2020) ("'A liberal construction of Rule 4 cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.'" (quoting Reeder v. Knapik, No. 07-CV-362-L(LSP), 2007 WL 1655812, at *1 (S.D. Cal. June 5, 2007)).  A plaintiff bears the burden of demonstrating that service is proper.  Kyung Cho v. UCBH Holdings, Inc., 890 F. Supp. 2d 1190, 1198 (N.D. Cal. 2012) (citing Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004)); Silva v. Gonzales, No. 3:13-CV-1587-CAB-KSC, 2014 WL 12663140, at *4 (S.D. Cal. May 23, 2014); see also Donell v. Keppers, 835 F. Supp. 2d 871, 876 (S.D. Cal. 2011) ("'It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant.'").

  A. <u>Defendant NTI</u>

  Plaintiff asserts that he perfected service of process on Defendant NTI on February 7, 2022 by serving NTI with the summons and complaint pursuant to Federal Rule of Civil Procedure 4(h)(1)(B). (Doc. No. 11-1 at 3.)  Rule 4(h)(1)(B) permits service on "a domestic or foreign corporation" "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h).

  The proof of service Plaintiff filed as to NTI asserts that it was served by leaving the summons and complaint at NTI's Inglewood office with "Yahira Gonzalez, Human Resources Manager." (Doc. No. 3.)  Plaintiff asserts that this form of service complied with Rule 4(h)(1)(B) because Ms. Gonzalez is a "managing or general agent" of NTI. (Doc. No. 11-1.)  Plaintiff has failed to provide the Court with any evidence demonstrating that this is accurate.  Plaintiff fails to adequately explain how Ms. Gonzalez's position as a Human Resources Manager for NTI qualifies her as a "managing or general agent" of the company.

The Ninth Circuit has held that "service of process" on a corporation "is not limited solely to officially designated officers, managing agents, or agent appointed by law for the receipt of process." Direct Mail, 840 F.2d at 688. Service may be made "'upon a representative so integrated with the organization that he will know what to do with the papers.'" Id. The determination of whether an individual holds sufficient authority in an corporation to accept service of behalf of that corporation "is largely factual." Bender v. Nat'l Semiconductor Corp., No. C 09-01151 JSW, 2009 WL 2912522, at *2 (N.D. Cal. Sept. 9, 2009).

Plaintiff has failed to provide any evidence demonstrating that Ms. Gonzalez holds such sufficient authority. Plaintiff's complaint alleges that NTI is a Nevada corporation with its principal place of business in Las Vegas, Nevada. (Doc. No. 1, Compl. ¶ 9.) Plaintiff further alleges that NTI is a national transportation company that provides services in at least four major cities: San Diego, Los Angeles, Las Vegas, and New York. (Id. ¶ 13.) Further, Plaintiff's filings show that NTI has a registered agent for service of process named TJ Pantaleo. (Doc. No. 3.) Plaintiff does not provide any explanation for why he did not attempt to effect service on NTI via Mr. Pantaleo. Under similar circumstances, other district courts have declined to find that service was proper and in compliance with Rule 4. See, e.g., Bender v. Nat'l Semiconductor Corp., No. C 09-01151 JSW, 2009 WL 2912522, at *2–3 (declining to find service proper where the defendant was a large corporation and the facts did not suggest that the recipient played a large role in the overall structure of the corporation and the defendant had a registered agent for service of process that plaintiff did not attempt to serve); Quanex IG Sys., Inc. v. Panjin CLL Insulating Glass Material Co., No. CV1507138JVSRAOX, 2015 WL 13918224, at *2 (C.D. Cal. Dec. 4, 2015) (declining to find service proper even though the recipient carried the titles "'Manager of International Sales,' 'Business Manager,' 'Sales Manager,' and 'Senior Head of Marketing, Sales, Advertising, and PR'" where the district court had no information regarding the size of the company or the recipient's role in the company). As such, Plaintiff has failed to demonstrate that he properly served Defendant NTI.

B.  <u>Defendant Kindt</u>

Plaintiff asserts that he perfected service of process on Defendant Kindt on February 18, 2022 by serving Kindt with the summons and complaint pursuant to Federal Rule of Civil Procedure 4(h)(1)(B).  (Doc. No. 11-1 at 3.)  Rule 4(h)(1)(B) only applies to service on "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name."  Defendant Kindt is an individual.  (<u>See</u> Doc. No. 1, Compl. ¶ 10.)  As such, the provisions set forth in Rule 4(h)(1)(B) are inapplicable to Kindt.

Federal Rule of Civil Procedure 4(e) governs "serving an individual" in the United States.  But Plaintiff has failed to demonstrate that his attempt to serve Kindt complied with any of the provisions in Rule 4(e).  Rule 4(e) provides:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The proof of service Plaintiff filed as to Kindt asserts that he was served by leaving the summons and complaint at Kindt's "workplace with Yahira 'Doe' . . . Human Resources Manager/Authorized to Accept."  (Doc. No. 4.)  This method of service does not comply with any of the provisions set forth in Rule 4(e).  The Court acknowledges that Rule 4(e)(2)(C) permits service by delivering the complaint and summon "to an agent

authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). But Plaintiff has failed to provide the Court with any evidence demonstrating that Ms. Gonzalez is an agent authorized by appointment or by law to receive service of process on behalf of Kindt. Plaintiff's filings state that Ms. Gonzalez is an employee of Defendant NTI, not Defendant Kindt. (See Doc. Nos. 3, 4; Doc. No. 11-1 at 3; Doc. No. 11-6, Hallet Decl. Ex. D.) As such, Plaintiff has failed to demonstrate that he properly served Kindt.

## Conclusion

In sum, Plaintiff has failed to demonstrate that he properly served either of the Defendants in this action. As a result, the Court denies Plaintiff's motion for default judgment without prejudice. The Court's denial of Plaintiff's motion for default judgment is without prejudice to Plaintiff properly serving each of the two Defendants with the complaint and summons in compliance with Federal Rule of Civil Procedure 4 within **thirty (30) days** from the date this order is filed and Plaintiff thereafter filing new proofs of service in this action.

**IT IS SO ORDERED.**

DATED: May 3, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT