# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. FORBUSH, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NTI-CA INC., a Nevada corporation, dba NTI GROUND TRANS; JOHN E. KINDT, an individual; and DOES 1 through 10 inclusive<br><br>　　　　　　　　　　　　Defendants. | Case No.: 22-cv-00141-H-RBB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 19.] |

On May 3, 2023, the Court denied Plaintiff Michael J. Forbush's motion for default judgment against Defendants NTI-CA Inc. ("NTI") and John E. Kindt without prejudice on the grounds that Plaintiff failed to demonstrate that he properly served either of the Defendants in this action. (Doc. No. 18.) On May 31, 2023, Plaintiff filed a motion for reconsideration of the Court's May 3, 2023 order. (Doc. No. 19.) On June 26, 2023, the Court took the motion for reconsideration under submission. (Doc. No. 22.) For the reasons below, the Court denies Plaintiff's motion for reconsideration.

/ / /

/ / /

/ / /

## Background

The following factual background is taken from the allegations in Plaintiff's complaint.  Defendant NTI is a national transportation company that provides airport shuttle and luxury sedan and SUV transportation services in San Diego, California, Los Angeles, California, Las Vegas, Nevada, and New York City, New York.  (Doc. No. 1, Compl. ¶ 13.)  Defendant Kindt is the Executive Vice-President and Chief Operating Officer of NTI.  (Id. ¶ 10.)

In January 2020, Plaintiff began working as a full-time employee of NTI as a manager for NTI's San Diego office.  (Id. ¶¶ 14, 15.)  On January 29, 2021, Kindt informed Plaintiff that he was being furloughed from his employment at NTI due to a reduction in work force.  (Id. ¶ 16.)  At the time of Plaintiff's furlough and/or termination, Kindt promised that NTI would continue to provide Plaintiff with health insurance coverage under NTI's group health plan.  (Id. ¶ 17.)

Plaintiff's furlough and/or termination on January 29, 2021, was a "qualifying event" under NTI's group health plan.  (Id. ¶¶ 18, 30.)  In light of that, NTI had an obligation under 29 U.S.C. § 1166 to provide Plaintiff with notice of his rights under COBRA within 44 days of his furlough and/or termination.  (Id. ¶ 32.)

On March 28, 2021, NTI provided Plaintiff with an enrollment form for NTI's group health plan effective April 1, 2021.  (Id. ¶ 19.)  Plaintiff completed the enrollment form and submitted it to NTI the next day.  (Id.)

On March 30, 2021, Kindt emailed Plaintiff and asked him to obtain alternative health insurance.  (Id. ¶ 20.)  Plaintiff then became concerned that NTI was ending his coverage under NTI's group health plan, so Plaintiff contacted James Gleich, NTI's CEO, to clarify his coverage status.  (Id.)  Later that same day, Kindt sent an email to Plaintiff "stating that he 'was not going to push [Forbush] off until and unless [he found] something.'"  (Id.)  Based on that statement, Plaintiff reasonably believed that NTI would continue to provide him with health insurance under NTI's group health plan.  (Id.)

On June 8, 2021, Plaintiff suffered a heart attack which required emergency heart

surgery.  (Id. ¶ 21.)  Plaintiff was billed $511,223.56 for the medical services he received related to his heart surgery.  (Id. ¶ 23; see Doc. No. 11-3, Hallet Decl. Ex. A.)

On July 30, 2021, Plaintiff received a notice from NTI's human resources manager stating that his medical benefits were to be terminated effective August 1, 2021, due to a COBRA qualifying event ("termination") and provided information regarding his COBRA rights.  (Doc. No. 1, Compl. ¶ 22; see Doc. No. 11-6, Hallet Decl. Ex. D.)  Plaintiff never received notice of his COBRA rights prior to the July 30, 2021 notice.  (Doc. No. 1, Compl. ¶ 22.)

Plaintiff received an Explanation of Benefits letter dated October 22, 2021 from Employer Driven Insurance Services ("EDIS") – the claim administrator for NTI's health plan.  (Id. ¶ 23; Doc. No. 11-3, Hallet Decl. Ex. A.)  The letter stated that coverage for the medical services related to Plaintiff's emergency heart surgery was being denied on the grounds that Plaintiff was not an eligible member of the plan at the time of service.  (Id.)  Plaintiff appealed EDIS's denial of the claims.  (Doc. No. 1, Compl. ¶ 24; Doc. No. 11-6, Hallet Decl. Ex. D.)  In a letter dated December 1, 2021, EDIS affirmed its denial of the claims based on information from NTI stating that Plaintiff's termination date and "last date actively at work" was January 29, 2021.  (Doc. No. 1, Compl. ¶ 25; Doc. No. 11-6, Hallet Decl. Ex. E.)

On February 1, 2022, Plaintiff filed a complaint against Defendants NTI and Kindt, alleging claims for: (1) failure to provide notification of COBRA rights in violation of 29 U.S.C. § 1166; (2) failure to provide notification of Cal-COBRA rights in violation of California Insurance Code § 10128.55; (3) breach of contract; (4) negligence; (5) negligent misrepresentation; (6) intentional misrepresentation; and (7) declaratory relief.  (Doc. No. 1, Compl. ¶¶ 27-84.)  On February 18, 2022, Plaintiff filed a proof of service as to NTI. (Doc. No. 3.)  On March 3, 2023, Plaintiff filed a proof of service as to Kindt.  (Doc. No. 4.)

On April 26, 2022, Plaintiff filed a notification of bankruptcy proceedings as to NTI. (Doc. No. 6.)  On April 27, 2022, the Clerk of Court entered default against Defendant

Kindt. (Doc. No. 7.) On July 14, 2022, Plaintiff filed a notice stating that NTI's Chapter 11 bankruptcy proceedings had been dismissed. (Doc. No. 8.) On July 15, 2022, the Clerk of Court entered a default against Defendant NTI. (Doc. No. 10.)

On December 8, 2022, Plaintiff filed a motion for default judgment against Defendants. (Doc. No. 11.) On May 3, 2023, the Court denied Plaintiff's motion for default judgment without prejudice on the grounds that Plaintiff failed to demonstrate that he properly served either of the Defendants in this action. (Doc. No. 18.) On June 1, 2023, Plaintiff filed new proofs of service as to Defendants NTI and Kindt. (Doc. Nos. 20, 21.)

By the present motion, Plaintiff moves for reconsideration of the Court's May 3, 2023 order denying his motion for default judgment. (Doc. No. 19-1.) Specifically, Plaintiff moves for reconsideration of the Court's holding that Plaintiff failed to demonstrate that his initial service of the Defendants was proper. (Id. at 1-2.)

## Discussion

**I.     Legal Standards Governing a Motion for Reconsideration**

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); accord Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013).

Reconsideration of a prior order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); accord Berman v. Freedom Fin. Network, LLC, 30 F.4th 849, 858–59 (9th Cir. 2022); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"); Raiser v. San Diego Cnty., No. 19-CV-00751-GPC, 2021 WL 4751199, at *1 (S.D. Cal. Oct. 12, 2021) ("Motions for

reconsideration are disfavored and should only be granted in narrow instances."). A motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised earlier in the litigation. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008); see Berman, 30 F.4th at 859 ("Reconsideration motions may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling." (citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)); Williams v. Cnty. of San Diego, 542 F. Supp. 3d 1070, 1071 (S.D. Cal. 2021) ("A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before."). "'A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments.'" Raiser, 2021 WL 4751199, at *1; see also Kilbourne v. Coca-Cola Co., No. 14CV984-MMA (BGS), 2015 WL 10943610, at *2 (S.D. Cal. Sept. 11, 2015) ("'[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge.'"). "A party seeking reconsideration must show more than a disagreement with the Court's decision." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); accord Williams, 542 F. Supp. 3d at 1071.

## II. Analysis

Before evaluating the merits of a motion for default judgment, a district court must consider the adequacy of service of process on the parties against whom the default is requested. Indian Hills Holdings, LLC v. Frye, 572 F. Supp. 3d 872, 884 (S.D. Cal. 2021); DFSB Kollective Co. v. Bourne, 897 F. Supp. 2d 871, 877 (N.D. Cal. 2012); see also Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside."). This is because "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil

Procedure] 4.'" Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process.").

The Ninth Circuit has explained that "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" Direct Mail, 840 F.2d at 688. "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" Id.; see Hensley v. Interstate Meat Distribution, Inc., No. 3:19-CV-0533-YY, 2020 WL 1677658, at *2 (D. Or. Jan. 10, 2020) ("'A liberal construction of Rule 4 cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.'" (quoting Reeder v. Knapik, No. 07-CV-362-L(LSP), 2007 WL 1655812, at *1 (S.D. Cal. June 5, 2007)). A plaintiff bears the burden of demonstrating that service is proper. Kyung Cho v. UCBH Holdings, Inc., 890 F. Supp. 2d 1190, 1198 (N.D. Cal. 2012) (citing Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004)); Silva v. Gonzales, No. 3:13-CV-1587-CAB-KSC, 2014 WL 12663140, at *4 (S.D. Cal. May 23, 2014); see also Donell v. Keppers, 835 F. Supp. 2d 871, 876 (S.D. Cal. 2011) ("'It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant.'").

In his motion for reconsideration, Plaintiff argues that his initial service of Defendants was proper pursuant to Federal Rule of Civil Procedure 4 and the California Code of Civil Procedure. (Doc. No. 19-1 at 1.) As an initial matter, Plaintiff asserts that his motion for default judgment "did not address the specifics of service as Plaintiff had filed proofs of service." (Id. at 4.) This is inaccurate, and the Court rejects this assertion. In his motion for default judgment, Plaintiff acknowledged that "[t]he Court must also assess whether the defendants against whom default judgment is sought were properly served with notice of the action." (Doc. No. 11-1 at 5 (citing Solis v. Cardiografix, 2012

WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012).)  Plaintiff then provided the purported substantive basis for his assertion that the Defendants had been properly served in this action.  (Id. at 5–6.)  Thus, the record shows that Plaintiff was well aware that he needed to demonstrate that the Defendants had been properly served in order to be entitled to a default judgment against them, and that Plaintiff did address the issue of service in his motion for default judgment.  Plaintiff may not use a motion for reconsideration as a vehicle to relitigate the issue of proper service of the Defendants.  See Exxon Shipping, 554 U.S. at 486 n.5; Raiser, 2021 WL 4751199, at *1; Kilbourne, 2015 WL 10943610, at *2.  The Court further addresses Plaintiff's individual arguments as to Defendant NTI and Defendant Kindt below.

       A.    <u>Defendant NTI</u>

In his prior motion for default judgment, Plaintiff asserted that he perfected service of process on Defendant NTI on February 7, 2022 by serving NTI with the summons and complaint pursuant to Federal Rule of Civil Procedure 4(h)(1)(B).  (Doc. No. 11-1 at 3.)  Rule 4(h)(1)(B) permits service on "a domestic or foreign corporation" "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h).

The proof of service Plaintiff filed on February 18, 2022 as to NTI asserted that it was served by leaving the summons and complaint at NTI's Inglewood office with "Yahira Gonzalez, Human Resources Manager."  (Doc. No. 3.)  In the Court's 2023 order denying Plaintiff's motion for default judgment, the Court held that service on Defendant NTI was not proper under Rule 4(h)(1)(B) because Plaintiff failed to demonstrate that Ms. Gonzalez was a "managing or general agent" of NTI.  (Doc. No. 18 at 5–6 (citing <u>Bender v. Nat'l Semiconductor Corp.</u>, No. C 09-01151 JSW, 2009 WL 2912522, at *2–3 (N.D. Cal. Sept. 9, 2009) (declining to find service proper where the defendant was a large corporation and the facts did not suggest that the recipient played a large role in the overall structure of the corporation and the defendant had a registered agent for service of process that plaintiff

did not attempt to serve); Quanex IG Sys., Inc. v. Panjin CLL Insulating Glass Material Co., No. CV1507138JVSRAOX, 2015 WL 13918224, at *2 (C.D. Cal. Dec. 4, 2015) (declining to find service proper even though the recipient carried the titles "'Manager of International Sales,' 'Business Manager,' 'Sales Manager,' and 'Senior Head of Marketing, Sales, Advertising, and PR'" where the district court had no information regarding the size of the company or the recipient's role in the company).)

In his motion for reconsideration, Plaintiff does not address the cited district court decisions in Bender or Quanex or attempt to distinguish the two decisions. Rather, Plaintiff presents new evidence in the form of a declaration from David E. Hallett in an effort to demonstrate that Ms. Gonzalez was a "managing or general agent" of NTI. (See Doc. No. 19-2, Hallet Decl; see also Doc. No. 19-1 at 7-9.) A motion for reconsideration may not be used to introduce new evidence for the first time that reasonably could have been raised earlier in the litigation. See Exxon Shipping, 554 U.S. at 486 n.5; Berman, 30 F.4th at 859; Kona, 229 F.3d at 890. The Hallet declaration and the attached exhibits could have been presented to the Court earlier in the litigation when Plaintiff filed his motion for default judgment. As such, Plaintiff's reliance on the contents of the Hallet declaration is insufficient to demonstrate that reconsideration of the Court's May 3, 2023 order is proper.

Plaintiff also argues that service on NTI was proper under Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1) and California Code of Civil Procedure §§ 415.20(a) and 416.10.[1] (Doc. No. 19-1 at 5, 9-12.) Plaintiff's motion for default judgment did not cite to Rule 4(h)(1)(A), Rule 4(e)(1), California Code of Civil Procedure § 415.20(a), or California Code of Civil Procedure § 416.10. (See generally Doc. No. 11-1 at 5-6; see also

---

[1] Federal Rule of Civil Procedure 4(h)(1)(A) permits service on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) permits service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rules 4(h)(1)(A) and 4(e)(1) combine to permit service of NTI pursuant to California law.

Doc. No. 3.) A motion for reconsideration may not be used to raise arguments for the first time that reasonably could have been raised earlier in the litigation. See Exxon Shipping, 554 U.S. at 486 n.5; Berman, 30 F.4th at 859; Kona, 229 F.3d at 890. As such, Plaintiff cannot attempt to raise his new arguments regarding service under California Code of Civil Procedure §§ 415.20(a) and 416.10 via a motion for reconsideration. As a result, Plaintiff has failed to demonstrate that reconsideration of the Court's May 3, 2023 order regarding service of Defendant NTI is appropriate.

### B. Defendant Kindt

In his prior motion for default judgment, Plaintiff asserted that he perfected service of process on Defendant Kindt on February 18, 2022 by serving Kindt with the summons and complaint pursuant to Federal Rule of Civil Procedure 4(h)(1)(B). (Doc. No. 11-1 at 3.) In the Court's May 3, 2023 order denying Plaintiff's motion for default judgment, the Court held that service on Defendant Kindt was not proper under Rule 4(h)(1)(B) because Rule 4(h)(1)(B) only applies to corporations and partnerships and, therefore, it is inapplicable as to Defendant Kindt. (Doc. No. 18 at 7.) In his motion for reconsideration, Plaintiff concedes that the Court correctly held that service as to Kindt under Rule 4(h)(1)(B) was improper. (See Doc. No. 19-1 at 12.)

In an effort to demonstrate proper service, Plaintiff now argues that Defendant Kindt was properly served pursuant to Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure § 415.20(b). (Id. at 12-14.) Plaintiff's motion for default judgment did not cite to Rule 4(e)(1) or California Code of Civil Procedure § 415.20(b) or contain the evidence that Plaintiff now relies on to support his new basis for service of Kindt. (See generally Doc. No. 11-1 at 5-6; see also Doc. No. 4.) A motion for reconsideration may not be used to raise new arguments or new evidence for the first time that reasonably could have been raised earlier in the litigation. See Exxon Shipping, 554 U.S. at 486 n.5; Berman, 30 F.4th at 859; Kona, 229 F.3d at 890. As such, Plaintiff cannot attempt to raise his new argument regarding service of Kindt under Rule 4(e)(1) and California Code of Civil Procedure § 415.20(b) via a motion for reconsideration. As a

result, Plaintiff has failed to demonstrate that reconsideration of the Court's May 3, 2023 order regarding service of Defendant Kindt is appropriate.

## Conclusion

For the reasons above, the Court denies Plaintiff's motion for reconsideration of the Court's May 3, 2023 order denying Plaintiff's motion for default judgment without prejudice.

**IT IS SO ORDERED.**

DATED: August 7, 2023

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT