# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. FORBUSH, an individual,<br><br>                           Plaintiff,<br><br>v.<br><br>NTI-CA INC., a Nevada corporation, dba NTI GROUND TRANS; JOHN E. KINDT, an individual; and DOES 1 through 10 inclusive<br><br>                          Defendants. | Case No.: 22-cv-00141-H-RBB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO ALLOW SERVICE OF PROCESS ON DEFENDANT NTI THROUGH THE CALIFORNIA SECRETARY OF STATE**<br><br>[Doc. No. 28.] |

On May 15, 2024, Plaintiff Michael J. Forbush filed a motion to allow service of process on Defendant NTI-CA, Inc. doing business as NTI Ground Trans ("NTI") through the California Secretary of State. (Doc. No. 28.) A hearing on Plaintiff's motion is currently scheduled for Monday, April 15, 2024 at 10:30 a.m. The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court grants Plaintiff's motion to allow service of process on NTI through the California Secretary of State.

/ / /

/ / /

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. Defendant NTI is a national transportation company that provides airport shuttle and luxury sedan and SUV transportation services in San Diego, California, Los Angeles, California, Las Vegas, Nevada, and New York City, New York. (Doc. No. 1, Compl. ¶ 13.) Defendant John E. Kindt is the Executive Vice-President and Chief Operating Officer of NTI. (Id. ¶ 10.)

In January 2020, Plaintiff began working as a full-time employee of NTI as a manager for NTI's San Diego office. (Id. ¶¶ 14, 15.) On January 29, 2021, Kindt informed Plaintiff that he was being furloughed from his employment at NTI due to a reduction in work force. (Id. ¶ 16.) At the time of Plaintiff's furlough and/or termination, Kindt promised that NTI would continue to provide Plaintiff with health insurance coverage under NTI's group health plan. (Id. ¶ 17.)

Plaintiff's furlough and/or termination on January 29, 2021, was a "qualifying event" under NTI's group health plan. (Id. ¶¶ 18, 30.) In light of that, NTI had an obligation under 29 U.S.C. § 1166 to provide Plaintiff with notice of his rights under COBRA within 44 days of his furlough and/or termination. (Id. ¶ 32.)

On March 28, 2021, NTI provided Plaintiff with an enrollment form for NTI's group health plan effective April 1, 2021. (Id. ¶ 19.) Plaintiff completed the enrollment form and submitted it to NTI the next day. (Id.)

On March 30, 2021, Kindt emailed Plaintiff and asked him to obtain alternative health insurance. (Id. ¶ 20.) Plaintiff then became concerned that NTI was ending his coverage under NTI's group health plan, so Plaintiff contacted James Gleich, NTI's CEO, to clarify his coverage status. (Id.) Later that same day, Kindt sent an email to Plaintiff "stating that he 'was not going to push [Forbush] off until and unless [he found] something.'" (Id.) Based on that statement, Plaintiff reasonably believed that NTI would continue to provide him with health insurance under NTI's group health plan. (Id.)

On June 8, 2021, Plaintiff suffered a heart attack which required emergency heart

surgery.  (Id. ¶ 21.)  Plaintiff was billed $511,223.56 for the medical services he received related to his heart surgery.  (Id. ¶ 23; see Doc. No. 11-3, Hallet Decl. Ex. A.)

On July 30, 2021, Plaintiff received a notice from NTI's human resources manager stating that his medical benefits were to be terminated effective August 1, 2021, due to a COBRA qualifying event ("termination") and provided information regarding his COBRA rights.  (Doc. No. 1, Compl. ¶ 22; see Doc. No. 11-6, Hallet Decl. Ex. D.)  Plaintiff never received notice of his COBRA rights prior to the July 30, 2021 notice.  (Doc. No. 1, Compl. ¶ 22.)

Plaintiff received an Explanation of Benefits letter dated October 22, 2021 from Employer Driven Insurance Services ("EDIS") – the claim administrator for NTI's health plan.  (Id. ¶ 23; Doc. No. 11-3, Hallet Decl. Ex. A.)  The letter stated that coverage for the medical services related to Plaintiff's emergency heart surgery was being denied on the grounds that Plaintiff was not an eligible member of the plan at the time of service.  (Id.)  Plaintiff appealed EDIS's denial of the claims.  (Doc. No. 1, Compl. ¶ 24; Doc. No. 11-6, Hallet Decl. Ex. D.)  In a letter dated December 1, 2021, EDIS affirmed its denial of the claims based on information from NTI stating that Plaintiff's termination date and "last date actively at work" was January 29, 2021.  (Doc. No. 1, Compl. ¶ 25; Doc. No. 11-6, Hallet Decl. Ex. E.)

On February 1, 2022, Plaintiff filed a complaint against Defendants NTI and Kindt, alleging claims for: (1) failure to provide notification of COBRA rights in violation of 29 U.S.C. § 1166; (2) failure to provide notification of Cal-COBRA rights in violation of California Insurance Code § 10128.55; (3) breach of contract; (4) negligence; (5) negligent misrepresentation; (6) intentional misrepresentation; and (7) declaratory relief.  (Doc. No. 1, Compl. ¶¶ 27-84.)  On February 18, 2022, Plaintiff filed a proof of service as to NTI.  (Doc. No. 3.)  On March 3, 2023, Plaintiff filed a proof of service as to Kindt.  (Doc. No. 4.)

On April 26, 2022, Plaintiff filed a notification of bankruptcy proceedings as to NTI.  (Doc. No. 6.)  On April 27, 2022, the Clerk of Court entered default against Defendant

Kindt. (Doc. No. 7.) On July 14, 2022, Plaintiff filed a notice stating that NTI's Chapter 11 bankruptcy proceedings had been dismissed. (Doc. No. 8.) On July 15, 2022, the Clerk of Court entered a default against Defendant NTI. (Doc. No. 10.)

On December 8, 2022, Plaintiff filed a motion for default judgment against Defendants. (Doc. No. 11.) On May 3, 2023, the Court denied Plaintiff's motion for default judgment without prejudice on the grounds that Plaintiff failed to demonstrate that he properly served either of the Defendants in this action. (Doc. No. 18.) On June 1, 2023, Plaintiff filed new proofs of service as to Defendants NTI and Kindt. (Doc. Nos. 20, 21.) On August 7, 2023, the Court denied Plaintiff's motion for reconsideration of the Court's May 3, 2023 order denying his motion for default judgment. (Doc. No. 23.)

On February 6, 2024, the Court against entered a default against Defendant Kindt. (Doc. No. 27.) By the present motion, Plaintiff moves pursuant to Federal Rule of Civil Procedure 4(h)(1) and California Code of Civil Procedure § 416.10(d) for an order allowing alternative service of process on Defendant NTI through the California Secretary of State. (Doc. No. 28 at 4.)

## Discussion

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process."). "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" Direct Mail, 840 F.2d at 688. "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" Id.; see Hensley v. Interstate Meat Distribution, Inc., No. 3:19-CV-0533-

YY, 2020 WL 1677658, at *2 (D. Or. Jan. 10, 2020) ("'A liberal construction of Rule 4 cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.'" (quoting Reeder v. Knapik, No. 07-CV-362-L(LSP), 2007 WL 1655812, at *1 (S.D. Cal. June 5, 2007)).  A plaintiff bears the burden of demonstrating that service is proper.  Kyung Cho v. UCBH Holdings, Inc., 890 F. Supp. 2d 1190, 1198 (N.D. Cal. 2012) (citing Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004)); Silva v. Gonzales, No. 3:13-CV-1587-CAB-KSC, 2014 WL 12663140, at *4 (S.D. Cal. May 23, 2014); see also Donell v. Keppers, 835 F. Supp. 2d 871, 876 (S.D. Cal. 2011) ("'It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant.'").

Here, Plaintiff requests that it be permitted to effect service of process on Defendant NTI through the California Secretary of State pursuant to Federal Rule of Civil Procedure 4(h), California Code of Civil Procedure § 416.10(d), and California Corporations Code § 2111(a).[1]  (Doc. No. 28 at 4, 11-12.)  Federal Rule of Civil Procedure 4(h) governs service on corporations and provides that a corporation must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

---

[1]   In its motion, Plaintiff cites to California Corporations Code § 1702(a) in addition to § 2111.  (See Doc. No. 28 at 11-12.)  Section 1702 applies to domestic corporations whereas § 2111 applies to foreign corporations.  See Cal. Corp. Code §§ 1702, 2110, 2110.1, 2111.  Plaintiff asserts that Defendant NTI is a Nevada corporation.  (Doc. No. 28 at 5; Doc. No. 28-1, Hallet Decl. ¶ 4, Ex. A.)  As such, California Corporations Code § 2111 is the applicable provision here, and the one the Court will analyze.  See, e.g., Indian Hills Holdings, LLC v. Frye, No. 320CV00461BENAHG, 2021 WL 1139419, at *2 n.1 (S.D. Cal. Mar. 25, 2021) (explaining that § 2111 applied because the defendant was an Arizona corporation).

Fed. R. Civ. P. 4(h)(1). Federal Rule of Civil Procedure 4(e)(1) permits service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

> California Code of Civil Procedure § 416.10 provides:
>
> A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:
>
> (a) To the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable).
>
> (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.
>
> . . .
>
> (d) If authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable), as provided by that provision.

Cal. Code. Civ. Pro. § 416.10.

> California Corporations Code § 2111(a) further provides:
>
> If the agent designated for the service of process is a natural person and cannot be found with due diligence at the address stated in the designation . . . then the court may make an order that service be made by personal delivery to the Secretary of State or to an assistant or deputy secretary of state of two copies of the process together with two copies of the order . . . . Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 2111(a).

"'[A]s a condition precedent to the issuance of an order for such substituted service,' a plaintiff's affidavit must establish that 'the corporation cannot be served with the exercise

of due diligence in any other manner provided by law.'" Vernici Caldart, S.R.L. v. Prolink Materials LLC, No. 23-CV-01629-AJB-AHG, 2023 WL 6627812, at *2 (S.D. Cal. Oct. 11, 2023) (quoting Batte v. Bandy, 165 Cal. App. 2d 527, 535 (1958)); accord Minden Pictures, Inc. v. Interpac Yachts, Inc., No. 20-CV-739-WQH-BLM, 2020 WL 5363304, at *2 (S.D. Cal. Sept. 8, 2020); see also Falco v. Nissan N. Am. Inc., 987 F. Supp. 2d 1071, 1080 (C.D. Cal. 2013) ("Under California law, the plaintiff bears the burden of showing that she demonstrated reasonable diligence at direct service before substitute service is permitted."). Reasonable due diligence requires "a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney. A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, . . . and by investigation of appropriate city and telephone directories . . . , generally are sufficient." Watts v. Crawford, 10 Cal. 4th 743, 749 n.5 (1995). "However, each case must be judged upon its own facts and [n]o single formula nor mode of search can be said to constitute due diligence in every case." Falco, 987 F. Supp. 2d at 1080 (quoting Evartt v. Superior Court, 89 Cal. App. 3d 795, 801 (1979)).

Plaintiff argues that it should be permitted to serve Defendant NTI through the California Secretary of State under California Corporations Code § 2111(a) because it has been unable to locate NTI's agent for service of process or any other officer or director associated with NTI for personal service. (Doc. No. 28 at 1, 10-12.) In an effort to demonstrate the due diligence required to permit service of a corporate defendant under § 2111(a), Plaintiff has provided the Court with a declaration detailing all the efforts it has made in this case to effect service on Defendant NTI. (See generally Doc. No. 28-1, Hallet Decl.) Those efforts include: (1) multiple attempts to serve Defendant NTI at its Inglewood office; (2) multiple attempts to serve Defendant's registered agent for service of process in California, including the hiring of a private investigator to assist in those efforts; and (3) multiple attempts to serve Defendant's registered agent for service of process in Nevada. (See id. ¶¶ 6, 12-23, Exs. C, F, G, I, J.)

In light of these efforts, Plaintiff asserts that it has met or exceeded the reasonable

diligence standard required for service under California Corporations Code § 2111(a). The Court agrees. See Watts, 10 Cal. 4th at 749 n.5. As such, the Court grants Plaintiff's motion and authorizes Plaintiff to effective service of process on Defendant NTI through the California Secretary of State pursuant to California Corporations Code § 2111(a). See, e.g., Vernici Caldart, 2023 WL 6627812, at *4 (finding plaintiff demonstrated due diligence and permitting service of corporation through the California Secretary of State pursuant to California Corporations Code § 2111(a)); Minden Pictures, 2020 WL 5363304, at *3 (same); Claimteck, LLC v. Med Off. Grp., Inc., No. 822CV01696FWSDFM, 2023 WL 8872292, at *4 (C.D. Cal. Aug. 30, 2023).

## Conclusion

For the reasons above, the Court grants Plaintiff's motion. The Court authorizes Plaintiff to effective service of process on Defendant NTI through the California Secretary of State pursuant to California Corporations Code § 2111(a). Plaintiff must serve Defendant NTI through the California Secretary of State within thirty (30) days from the date this order is filed.

**IT IS SO ORDERED.**

DATED: March 19, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT